# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**TIFFANY RENA TURNER**                                                  **PLAINTIFF**

**v.**                      **CASE NO. 2:16-CV-00157-JM-BD**

**NANCY A. BERRYHILL, Acting Commissioner,**
**Social Security Administration**                                   **DEFENDANT**

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to Judge James Moody. Either party may file written objections to this Recommendation. Objections must specifically explain the factual or legal basis for the objection. To be considered, objections must be received by the Clerk of Court within fourteen (14) days of this Recommendation. By not objecting, parties may waive the right to appeal questions of fact.

## REASONING FOR RECOMMENDED DISPOSITION

Tiffany Turner applied for social security disability benefits with an alleged onset date of August 29, 2013. (R. at 76). After a hearing, the administrative law judge (ALJ) denied Ms. Turner's application. (R. at 31). The Appeals Council denied Ms. Turner's request for review. (R. at 1). Therefore, the ALJ's decision now stands as the Commissioner's final decision. Ms. Turner now seeks judicial review in federal district court.

## I. The Commissioner's Decision

The ALJ found that Ms. Turner had the following severe impairments: degenerative disk disease, obesity, hemolytic anemia, organic mental disorder, and intellectual disability. (R. at 20). The ALJ also determined that Ms. Turner had the residual functional capacity (RFC) to occasionally lift and carry twenty pounds; frequently lift and carry ten pounds; sit for six hours in an eight-hour workday; and stand or walk for six hours in an eight-hour workday. The ALJ further limited Ms. Turner to a job where she would be able to alternate to sitting for fifteen to thirty minutes after standing for fifteen to thirty minutes; she could occasionally stoop and crouch; could perform simple, routine, and repetitive tasks, but not at a production rate pace; could make only simple work-related judgments; could respond appropriately to supervisors where supervision is simple, direct, and concrete; could respond appropriately to coworkers where interpersonal contact is incidental to the work performed; and could make changes in the work setting in simple work-related decisions. (R. at 25). Ms. Turner had no past relevant work. (R. at 30).

The ALJ took testimony from a vocational expert (VE), who testified that a person with Ms. Turner's age, education, work experience, and RFC could perform the job of price tagger. (R. 31). The ALJ found, therefore, that Ms. Turner was not disabled. (R. at 31).

## II. Discussion

Ms. Turner contends that the ALJ failed to consider her impairments in combination; did not perform a proper credibility analysis; and improperly ignored VE

testimony. Because the ALJ did not perform a full credibility analysis, it is unnecessary to reach Ms. Turner's other points.

In reviewing the Commissioner's decision, the court is tasked with determining whether substantial evidence supports the Commissioner's findings. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means, "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In performing this analysis, the Court looks not only at evidence that supports the Commissioner's findings, but also at evidence that detracts from the decision. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court cannot reverse the Commissioner, however, just because substantial evidence would support a different result.

In assessing the subjective complaints of a plaintiff, the ALJ considers factors such as the plaintiff's daily activities; the duration, frequency, and intensity of pain; any precipitating and aggravating factors; the dosage, effectiveness, and side effects of any medication; treatment other than medication; and functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). This does not require a methodical discussion of each factor, as long as the ALJ acknowledges and examines these considerations in assessing the claimant's subjective complaints. *Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

Ms. Turner argues that the ALJ considered none of these factors. The Commissioner responds that the ALJ's credibility findings are sufficient.

The ALJ stated that Ms. Turner's statements were "not credible to the extent they are inconsistent with the residual functional capacity assessment." (R. at 27). The opinion makes no mention of the *Polaski* factors, although the ALJ broadly referenced 20 C.F.R. 416.929 and SSRs 96-4p and 96-7p. (R. at 25).

The ALJ acknowledged Ms. Turner's limited daily activities but found them "inconsistent with the medical findings." (R. at 26). The ALJ did not specify how the daily activities were inconsistent, with the exception of discussing driving an automobile. (R. at 26). In discussing Ms. Turner's ability to drive, the ALJ did not consider that Ms. Turner's ability was limited to driving familiar routes and driving approximately 15 miles. (R. at 333). Similarly, in discussing functional limitations, the ALJ stated merely that Ms. Turner's allegations were "inconsistent with the medical findings" without discussing the inconsistencies. (R. at 27).

In discussing the side effects of Ms. Turner's medications, the ALJ noted that Ms. Turner testified that her medications caused drowsiness but that she denied adverse side effects to her physicians. (R. at 27). The ALJ's recounting, however, is somewhat incomplete. Ms. Turner specifically noted that her muscle relaxers caused drowsiness and denied other side effects at the hearing. (R. at 45–46). She also stated that the muscle relaxers were taken as needed. (R. at 45). Further, she admitted that she did not discuss side effects with her doctor but stated that she discussed side effects with a nurse practitioner. (R. at 46).

Significantly, the hearing took place on August 5, 2015, but the most recent medical records were from April 14, 2014. (R. at 37, 500). The muscle relaxer that Ms.

4

Turner was prescribed Tizanidine. (R. at 276, 347). This medication is known to have a sedative effect, with 48% of patients in a study experiencing somnolence and 41% experiencing asthenia. *Facts & Comparisons eAnswers*, http://fco.factsandcomparisons.com/lco/action/doc/retrieve/docid/fc_dfc/5549462 (last visited Sept. 8, 2017).

Overall, the ALJ's credibility determination does not appear to be based on a full consideration of the *Polaski* factors. Rather, it appears that the ALJ discounted Ms. Turner's subjective complaints simply because they were not supported by objective evidence; and this is not permissible. *Penn v. Sullivan*, 896 F.2d 313, 316 (8th Cir. 1990).

It bears noting that the record is devoid of any opinions from treating or examining physicians concerning Ms. Turner's physical limitations. Furthermore, Ms. Turner appeared without representation at the hearing. (R. at 40).

## III. Recommended Disposition

The ALJ failed to perform a proper credibility analysis and did not fully consider the *Polaski* factors. For these reasons, the Court recommends that the case be REMANDED to the Commissioner, with instructions to develop the record as necessary and to perform a proper credibility analysis taking the *Polaski* factors fully into account.

Dated this 28th day of September, 2017.

_____
UNITED STATES MAGISTRATE JUDGE